FILED
11:29 am Jun 12 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **THE RAMOS FAMILY,** | ) | **CASE NO. 1:18 CV 453** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **LORAIN COUNTY JUSTICE DEPARTMENT,** | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Marcus Ramos, acting *pro se*, has filed this civil rights action against the "Lorain County Justice Department" purportedly on behalf of "the Ramos Family." (*See* Doc. No. 1.) The allegations in his complaint are convoluted and unclear. As best as the Court can discern, he contends his family has suffered rights violations as a result of Lorain County's involvement in domestic violence charges against him and the removal of his children from their mother's custody. He seeks monetary damages and that "justice [be] done" to the County. (*Id*. at 2.)

Mr. Ramos has filed several prior *pro se* cases in this District on behalf of himself, and with and on behalf of other family members, complaining about the involvement of the Lorain County Children Services agency in the same domestic relations matters. Those cases were all dismissed before service for lack of subject-matter jurisdiction, Mr. Ramos' lack of standing, or for failure to state a claim. *See Ramos Family v. Lorain County Children Services*, Case No. 1:

17 CV 2405 (N.D. Ohio March 29, 2018); *Marcos Ramos v. Lorain County Children Services, et al.*, Case No. 1: 17 CV 2589 (N.D. Ohio April 9, 2018); *Lametra Phillips et al. v. Lorain County Children Services*, Case No. 4: 15 CV 1365 (N.D. Ohio Nov. 4, 2015).

This case, likewise, must be summarily dismissed. A district court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3). As the district court clearly held in dismissing Case No. 1: 17 CV 2405, which Mr. Ramos also attempted to bring on behalf of the "Ramos Family," Mr. Ramos is not authorized to represent his family or any other individual family member in federal court, and he lacks standing to bring constitutional claims on behalf of anyone other than himself. (*See Ramos Family v. Lorain County Children Services*, Case No. 1: 17 CV 2405.) Further, to the extent Mr. Ramos purports to assert violations of his own constitutional rights in this case, his complaint must be dismissed pursuant to this Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), which held that "[a] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Mr. Ramos' complaint is devoid of merit and no longer open to discussion; courts in this District have already clearly ruled that he has no cognizable claim in federal court arising from his state criminal domestic violence conviction or collaterally attacking the child-custody determination made with respect to his children. *See* Case Nos. 1: 17 CV 2589 and 4: 15 CV 1365.

Furthermore, the unclear and conclusory statements and allegations set forth in his complaint do not meet basic pleading requirements and are insufficient to state a claim for any

federal constitutional rights violation in any case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

**Conclusion**

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   DAN AARON POLSTER
   UNITED STATES DISTRICT JUDGE